UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R.S. Clark Construction, Inc., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-05-2545 |
| § | |
| Hartford Lloyd's Insurance Company, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted. After considering the parties' filings and oral arguments and the applicable law, the Court finds that the motion, Docket No. 11, should be and hereby is **GRANTED** and Plaintiff's claim **DISMISSED WITHOUT PREJUDICE TO REFILING**.

## I.   BACKGROUND

Plaintiff R.S. Clark Construction, Inc. ("Clark") alleges that Defendant Hartford Lloyd's Insurance Company ("Hartford") acted in bad faith by refusing to reimburse Clark for defense and indemnity costs arising from a trademark arbitration. At the motion hearing held on November 8, 2005, Clark argued that its statutory causes of action under the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE ANN. § 17.46 (Vernon 1973), and the Texas Insurance Code, TEX. INS. CODE. ANN. § 541.003 (Vernon 2005),[1] arise from Hartford's breach of its common law duty of good faith and fair dealing. Hartford argued that no such common law duty exists.

---

[1] In its Complaint, Clark incorrectly cites TEX. INS. CODE ANN. art. 21.21, § 4(10) (Vernon 1991). That statute was repealed effective April 1, 2005, before this suit was filed. The substance of article 21.21 was recodified at § 541.003, and the Court will therefore read Clark's claim as arising under that section.

In *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253 (Tex. 2002), the Texas Supreme Court held that, "in Texas, the common law imposes no duty on an insurer to accept a settlement demand in excess of policy limits or to make or solicit settlement proposals." *Id.* at 261. "Consequently, an insurer's settlement duty *is not activated until a settlement demand within policy limits is made, and the terms of the demand are such that an ordinarily prudent insurer would accept it*." *Id.* at 262 (emphasis added). Here, Clark has not alleged that any settlement offer was ever made.

Clark contends that *Rocor* is not applicable here because its holding was based upon a version of Article 21.21, the predecessor statute to § 541.003, that had not yet been amended to impose a duty to "attempt in good faith to effectuate a prompt, fair[,] and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 2 (citing TEX. INS. CODE ANN. art. 21.21, § 4(10)).) Because Clark's "good faith" argument is ultimately grounded in Texas common law, however, its attempt to distinguish *Rocor* must fail. *Rocor* clearly states that Texas common law does not impose a duty upon an insurer to make a good faith attempt at settlement until a settlement offer has been made. Because Clark has failed to plead a necessary element of its claim, therefore, the claim must be and hereby is **DISMISSED WITHOUT PREJUDICE TO REFILING**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 8th day of November, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**